IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| AARON LINUS ASHLEY,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION SERVICING, LP; BANK OF AMERICA, N.A., d/b/a BANK OF AMERICA HOME LOANS, BANK OF NEW YORK MELLON d/b/a BANK OF NEW YORK; and COUNTRYWIDE HOME LOANS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 2:10-cv-35<br>Greer / Inman |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants BAC Home Loans Servicing, LP, improperly named as "Bank of America Corporation Servicing, LP" ("BAC"), Bank of America, N.A. ("BOA"), and Bank of New York Mellon, formerly known as Bank of New York Company, Inc. ("BONY") and Countrywide Home Loans, Inc. ("CHL") (collectively, "Defendants"), hereby remove this cause from the Chancery Court for Greene County, Third Judicial District of Tennessee, Case No. 20100009, to the United States District Court for the Eastern District of Tennessee, pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446(b). Defendants remove this cause on the basis of federal question jurisdiction and, in support thereof, would respectfully show the Court as follows:

1. On January 14, 2010, the plaintiff filed this action in the Chancery Court for Greene County, Third Judicial District, Greeneville, Tennessee, bearing Case No. 20100009.

2. BAC Home Loans Servicing, LP received a copy of the Complaint by certified mail on January 19, 2010. Accordingly, this Notice of Removal is being filed within 30 days, as required by 28 U.S.C. § 1446(b).

1

3. Removal is proper in this action because Plaintiff invokes, although he improperly pleads, violations of a federal statute and alleges that he is entitled to statutory punitive damages pursuant to federal law. Specifically, the Complaint states allegations against Defendants for "causing [the plaintiff] to lose the ability to have good credit entitling him to damages, including statutory punitive damages pursuant to state *and federal law*, all to be proved at the time of trial." (Complaint, ¶ 5 ) (emphasis added).

4. Defendants reserve the right to challenge the sufficiency of the Complaint, however, it appears that Plaintiff is attempting to assert his rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The FCRA is intended "to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which utilize correct, relevant, and up-to-date information in a confidential and responsible manner." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843-44 (6th Cir. 2004) (quoting *Jones v. Federal Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998) (internal quotations omitted)).

5. Accordingly, by asserting that Defendants have impaired Plaintiff's credit and "caus[ed] him to lose the ability to have good credit," Plaintiff is attempting to allege a violation of federal law under the FCRA, and jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331. (Complaint, ¶ 5 ).

6. The statute governing removal of actions provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2

28 U.S.C. § 1441(b). Removal is proper pursuant to section 1441(b) because Plaintiff alleges a claim pursuant to a federal statute that is within this Court's original jurisdiction conferred by 28 U.S.C. § 1331.

7. Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending, Greene County, Tennessee.

8. Further, in accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon or otherwise obtained by Defendants to date are attached hereto as collective **Exhibit A.**

9. Defendants will promptly give the plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of that notice, together with a copy of this Notice of Removal and attachments, with the Clerk and Master for the Chancery Court for Greene County, Third Judicial District, Greeneville, Tennessee, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

s/ Donna L. Roberts
Donna L. Roberts
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2200 (phone)
(615) 742-0714 (fax)
*donna.roberts@stites.com*
*Counsel for Defendants BAC Home Loans Servicing, LP; Bank of America, N.A.;Bank of New York and Countrywide Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2010, a copy of the foregoing Notice of Removal, delivery confirmation requested, was mailed by first-class U.S. Mail to:

Aaron Linus Ashley
135 Magnolia Drive
Greeneville, TN 37743

s/ Donna L. Roberts
Donna L. Roberts

CO525:0CO73:845137:1:NASHVILLE