IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE, THIRD JUDICIAL DISTRICT, SITTING AT GREENEVILLE

Aaron Linus Ashley
VS.
Bank of America Corporation, Bank of New York
Countywide Home Loans

Case Number: _____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S): Countywide Home Loans

You are hereby summoned and required to serve upon Aaron Linus Ashley, Plaintiff/Plaintiff's Attorney, whose
*(Plaintiff or Plaintiff's Attorney)*
address is 135 Magnolia Dr., Greeneville, TN 37743
(Street Address) (City) (State) (Zip Code)
and ANSWER to the pleading herewith served upon you within thirty (30) days after service of this SUMMONS and pleading upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief prayed in the pleading.

Issued and tested this 14 day of January, 2010.

Kay Armstrong, JD
CLERK & MASTER
Beth Norton, DCM
DEPUTY CLERK & MASTER

**FILED**
AT 4:10 O'CLOCK P M

Jan 14 2010
Kay Armstrong
Clerk & Master

To the defendant(s):
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. **If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.**

### SERVICE INFORMATION

To the process server: Defendant _____ can be served at _____
_____ *Directions to the defendant's home: _____

Defendant's place of employment: _____ *If defendant is to be served at his/her home, specify directions to this location:

**RETURN**

**FILED**
AT _____ O'CLOCK _____ M

_____ _____ 200__
Clerk & Master

I received this summons on the _____ day of _____, 200__.
I hereby certify and return that on the _____ day of _____, 200__,
I: _____
( ) served this summons and a pleading on defendant _____
in the following manner: _____

( ) failed to serve this summons within 30 days after its issuance because: _____

ADA FOR ASSISTANCE CALL 423-798-1760

_____
Process Server

Service is hereby accepted by defendant _____ this the _____ day of _____, 200__.
Witnessed by _____ Clerk & Master-D.C.M.

**EXHIBIT**

White - Original, to be re[turned] ... opy / Pink - Clerk's Copy



## IN THE CHANCERY COURT FOR GREENE COUNTY, TENNESSEE, THIRD JUDICIAL DISTRICT, SITTING AT GREENEVILLE

AARON LINUS ASHLEY, }
    Plaintiff, }
 }
vs. }    CASE NO. 20160009
 }
Bank of America Corporation }
Servicing, LP; Bank of America, N.A. }    A TRUE COPY
dba Bank of America Home Loans, }    FILED 1-14-10
Bank of New York Mellon }    Original Filing Date
dba Bank of New York; }    Kay Armstrong, J.B. C&M
Countrywide Home Loans; }    Clerk & Master
    Defendants. }    1-14-10
    Date of Certification

# WRONGFUL FORECLOSURE COMPLAINT

**FIRST AMENDED COMPLAINT**

COMES now the plaintiff, Aaron Linus Ashley, by and through the undersigned, but upon his oath, for his First Amended Complaint against the defendants hereby complain and allege as follows, to wit:

**FACTUAL ALLEGATIONS AND CLAIM I: BREACH OF CONTRACT**

On October 22, 2004, the plaintiff, Aaron Linus Ashley, along with his wife at the time, Jennifer Luther Ashley, purchased a home at 135 Magnolia Drive, Greeneville, TN, 37743 and obtained a mortgage loan through Countrywide Home Loans, Inc.



On August 6, 2008, the plaintiff, Aaron Linus Ashley and co-signer, Jennifer Luther Ashley, legally divorced for which the plaintiff of this cause agreed "to assume, pay, indemnify, and hold [Jennifer Luther Ashley] harmless for the mortgages on the 135 Magnolia Drive property." (Case No. 08 CV 113 KTL).

The exact monthly payment varied according to property taxes and other fees paid, but a typical monthly payment was $1,616.94 for the first mortgage associated with the 135 Magnolia Drive address and $347.64 for the second mortgage, including reserves for the payment of taxes and insurance.

Beginning in October 2004 and continuing until January of 2009, the plaintiff made timely payments to Countrywide Home Loans, Inc. up until such time as he began suffering from temporary financial difficulties associated with his legal divorce and physical separation in 2008.

Upon beginning to fall behind in his monthly mortgage obligations associated with the 135 Magnolia Drive address in January 2009, plaintiff began to directly request the assistance of Countrywide Home Loans, Inc. to avoid defaulting on his mortgage payment, such as through refinancing his home loans, extending his repayment schedule, or having his monthly mortgage payments temporarily reduced.

However, despite receiving written offers by Countrywide Home Loans, Inc. during the time of his temporary financial hardship to refinance and/or modify his existing loans for an easier repayment plan, plaintiff was subsequently denied assistance.

Instead, plaintiff was encouraged in his communications with Countrywide Home Loans, Inc beginning on and around February 2009 to default on his monthly mortgage payments before he would be considered eligible for a loan modification by Countrywide Home Loans with reduced monthly payments to assist him with his temporary financial hardship.

On or about, April 2009, Bank of America Corporation acquired Countrywide Home Loans, Inc. and began servicing plaintiffs' mortgage loans which defaulted on April 18th, 2009 upon which time his mortgage payments accelerated with the full amount of his loans immediately becoming due and payable in full.

However, despite receiving further written notices by Bank of America Corporation thereafter the default and acceleration of his mortgage payments and throughout 2009 that he may be eligible to refinance and/or modify his existing loans to stop the foreclosure process, plaintiff was subsequently further denied any assistance whatsoever.

On June 30, 2009, plaintiff received written notice by Bank of America Corporation that if he received an offer to purchase his home he may still be able to avoid a foreclosure sale and sell his property for an amount equal to or exceeding the total amount owed on his loans.

On August 1, 2009, prior to the foreclosure sale of his property, plaintiff received a legal contract for the purchase and subsequent sale of his property by Alonzo J. Bird, Jr. and Lori A. Bird in the amount of Two hundred and seventy two thousand dollars, ($272,000) Dollars, for the closing of sale to occur on or before the date October 15th, 2009.

Notice of plaintiff's purchase contract was provided to Bank of America Corporation, and the scheduled advertised foreclosure sale on August 4, 2009 was then postponed to allow processing of the required documentation of all parties involved for the legal transfer of his 135 Magnolia Drive property and the required funds between the plaintiff and Mr. and Mrs. Bird to take place.

However, rather than cooperating with the plaintiff in following correct procedure and notice in plaintiff's legal Deed of Trust with the Defendant under Covenants 18 and 15 governing the manner in which the transfer of his interest in his property to Mr. and Mrs. Bird would then

take place under the plaintiff's purchase contract, Bank of America Corporation directly proceeded to unlawfully foreclose on plaintiff's property on September 3, 2009, during the time in which the closing sale of his property to Mr. and Mrs. Bird was being processed through Greeneville Federal Bank to be fully proved at the time of the trial.

Under Item 17 of Plaintiff's purchase contract with Mr. and Mrs. Bird, "If prior to the date of closing, eminent domain or similar proceedings are threatened or commenced against the property, or any portion thereof... this Contract shall terminate..."

Consequently, the Defendant's unlawful breech of contract under their legal Deed of Trust with the Plaintiff by wrongfully foreclosing on his property during the same time in which the closing sale of his property with Mr. and Mrs. Bird was taking place directly resulted in a deliberate or neglectful immediate irrevocable loss of $272,000 to the plaintiff of this cause with further damages to be proved at the time of the trial.

## CLAIM II: WRONGFUL FORECLOSURE

As a proximate result of the negligent or reckless conduct of Bank of America Corporation, the plaintiffs' credit has been impaired and he is now being threatened with the wrongful eviction of his property.

Unless enjoined, the plaintiff will suffer irreparable harm and will not have an adequate remedy at law.

As a proximate result of the negligent actions of both defendants, the plaintiff has suffered consequential damage and will continue to suffer additional damage in the amount to be fully proved at the time of trial.

### CLAIM III: SLANDER OF TITLE

The defendants have caused to be recorded various documents including a Notice of Substitute Trustee's Sale which has impaired the plaintiff's title, in addition to, the title of co-borrower, Jennifer Luther Ashley, which constitutes slander of title for which the plaintiff should be awarded resulting damages to be fully proved at the time of trial.

### CLAIM IV: VIOLATIONS OF THE CONSUMER PROTECTION ACT

The defendants have engaged in a pattern of unfair practices in violation of the Tennessee Consumer Protection Act entitling the petitioner to damages and reasonable attorney fees and costs pursuant to state statutes.

### CLAIM V: SLANDER OF CREDIT

The actions and inactions of the defendants have impaired plaintiff's credit causing him to lose the ability to have good credit entitling him to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

### CLAIM VI: INFLICTION OF EMOTIONAL DISTRESS

The defendant has intentionally or negligently taken actions which have caused the plaintiff and his family severe emotional distress throughout the year 2009 for which he continually suffers.

WHEREFORE, having set forth various causes of action against the defendants, the plaintiffs pray for the following relief:

1. That this Court rescind the wrongful foreclosure sale of the 135 Magnolia Drive address

2. That the actions of defendants be determined to be unfair and deceptive business practices in violation of state and federal statutes and petitioner's legal Deed of Trust with defendant;

3. That the plaintiff be awarded punitive damages provided for in Tennessee state statutes, including costs and attorney fees;

4. That the plaintiff be awarded consequential damages to be fully proved at the time of trial;

5. That the plaintiff be awarded his fees and costs pursuant to the written loan agreements which bind the defendants; and

6. That the Court grant any other relief that may be just or equitable.

*Rev. Aaron Linus Ashley, MS* (signature)

Rev. Aaron Linus Ashley, MS
135 Magnolia Drive
Greeneville, TN 37743
(423) 638-2461

Aaron Linus Ashley, after having been duly sworn according to law, makes an oath that the matters and facts set forth in the foregoing Motion are true to the best of his knowledge, information, and belief.

*Rev. Aaron Linus Ashley, MS*

Rev. Aaron Linus Ashley, MS
135 Magnolia Drive
Greeneville, TN 37743
(423) 638-2461

Sworn to and subscribed to before me in Greeneville, Tennessee, on this the 14th day of January, 2010.

*Bambi J. Marshall*
NOTARY PUBLIC

My Commission expires: 10-23-2013

## Certificate of Service

Come to hand this the ___14th___ day of ___January___ 2010, and was served to me by hand delivery and to the defendants and listed below by certified U.S. mail by petitioner, Aaron Linus Ashley.

This the ___14___ day of ___January___, 2010.

_____Aaron Linus Ashley_____
Clerk/Deputy Clerk.

Chancery Court Judge
Third Judicial District,
Greene County, TN

Bank of America Corporate Center
100 North Tryon Street
Charlotte, North Carolina 28255

Bank of New York Mellon
400 Countrywide Way
Simi Valley, CA 93063

Countrywide Home Loans, Inc.
4500 Park Granada
Calabasas, CA 91302-1613

