**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

| | |
|---|---|
| AARON LINUS ASHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )CIVIL ACTION NO. 2:10-cv-00035 |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| SERVICING, LP; BANK OF AMERICA, N.A., | ) |
| d/b/a BANK OF AMERICA HOME LOANS, | ) |
| BANK OF NEW YORK MELLON d/b/a | ) |
| BANK OF NEW YORK; and | ) |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants BAC Home Loans Servicing, LP, improperly named as "Bank of America Corporation Servicing, LP" ("BAC"), Bank of America, N.A. ("BOA"), and Bank of New York Mellon, formerly known as Bank of New York Company, Inc. ("BONY") and Countrywide Home Loans, Inc. ("CHL") (collectively, "Defendants"), hereby submit this memorandum in support of their Motion to Dismiss filed concurrently herewith. Defendants respectfully submit that all of Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In summary, these claims must be dismissed as not facially plausible because the assertions do not allow the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged.

**I.        The standard of review.**

A complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a pleading. FED. R. CIV. P. 12(b)(6). A plaintiff is obligated to provide more than "labels and conclusions," more than a mere "formulaic recitation of the elements of a cause of action," in his complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949. This new *Iqbal/Twombly* standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).

The *Iqbal/Twombly* plausibility standard marks a significant departure from the long-standing pleading standard enunciated in *Conley v. Gibson*, 355 U.S. 41 (1957). Under the *Conley* standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 45-46. The Supreme Court retired this notion in *Twombly* because, read literally, it seemed to permit the survival of a wholly conclusory pleading. *Twombly*, 550 U.S. at 561-563. Under the newly clarified standard, it is no longer sufficient for a plaintiff to plead facts permitting an inference of possible misconduct. *Iqbal*, 129 S. Ct. at 1950 ("only a complaint that states a plausible claim for relief [can] survive[] a motion to dismiss").

In *Iqbal*, the Supreme Court outlined a practical method for applying the *Twombly* standard:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*

These basic pleading requirements are not abrogated simply because this is a pro se suit. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Even pro se litigants must meet minimum standards, which include pleading their claims with requisite specificity so as to give defendants notice of the claims asserted against them. *Id.* The court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003). Courts are not to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the Complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Despite Plaintiff's pro se status, he has failed to meet the minimum pleading requirements, and therefore, his claims must be dismissed.

## II.      Plaintiff's claims are not facially plausible.

Plaintiff's Complaint separately alleges six (6) causes of action: (1) beach of contract; (2) wrongful foreclosure; (3) slander of title; (4) violations of the Tennessee Consumer Protection Act (the "TCPA"); (5) slander of credit; and (6) infliction of emotional distress.

A naked allegation without attempting to set forth facts to support violations of a specific statute or body of law cannot be the proper basis for a lawsuit, and should be dismissed outright. For example, Plaintiff's Complaint makes general reference to "federal law," but fails to rely or allege violation of  any particular statute. Defendants cannot, and should not be required to, defend against claims that are without sufficient specificity to determine the alleged violation.

The causes of action, individually and collectively, as alleged in the Complaint do not state the necessary elements and are not supported by factual allegations that could plausibly give rise to an entitlement to relief, and the Court should dismiss this case in its entirety. The Complaint simply does not provide enough detail to comprehend and respond to Plaintiff's claims, much less provide adequate legal and factual support as required by *Iqbal* and *Twombly*, and they must therefore be dismissed pursuant to Rule 12(b)(6).

1. **Plaintiff's breach of contract claim must be dismissed because Plaintiff has failed to allege that Defendants failed to perform a contractual obligation owed to Plaintiff.**

The contract governing the dispute between Plaintiff and CHL is the Deed of Trust attached hereto as **Exhibit 1**.[1] Plaintiff acknowledges that he owed a debt to Defendants pursuant to this contract by stating that he began "to fall behind in his monthly mortgage obligations associated with the 135 Magnolia Drive address in January 2009," (Compl. at p. 2), and that he ultimately defaulted on his obligations, (Compl. at p. 3). However, in order to state a claim upon which relief may be granted, Plaintiff must plead the elements and supporting facts of a breach of contract claim.

Under Tennessee law, the essential elements of a breach of contract claim are: (1) the existence of an enforceable contract between the parties, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract. *See Life Care Centers of America, Inc. v. Charles Town Assocs. Ltd. P'ship, LPIMC, Inc.*, 79 F.3d 496, 514 (6th Cir. 1996) (applying Tennessee law). Plaintiff here vaguely alleges that "Defendant" (it is unclear as to which defendant Plaintiff is referring) violated "Covenants 18 and 15" of the Deed

---

[1] Plaintiff's Complaint makes reference to the transactional documents between himself and Defendants, but no such documents were attached to the Complaint. For the Court's reference, the Deed of Trust is provided herewith but does not convert this motion into a Rule 56 motion for summary judgment because it is considered part of the record. "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

4

of Trust. However, Plaintiff fails to identify a contractual duty *that was not performed* by any of the Defendants, and fails to allege in what manner such obligation was not performed. Section 15 of the Deed of Trust governs "all notices given by Borrower or Lender," merely stating that any notice must be made in writing and providing a procedure for such notice to be delivered. Plaintiff does not claim that Defendants failed to provide sufficient notice of any action they were taking under the Deed of Trust. Section 18 of the Deed of Trust relates to the "Transfer of the Property or a Beneficial Interest in Borrower." Specifically the pertinent part of this provision states:

> If all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

The remainder of the section sets forth the process by which the Lender may accelerate the debt *upon a sale or transfer by the Borrower*. This section does not provide a basis for relief to Plaintiff because Plaintiff has not alleged that he sold or transferred the property, or that any of the Defendants accelerated the debt based upon such a sale or transfer. To the contrary, Plaintiff alleges that the sale did not close, but that he had received an offer on the home (with a potential sale date of October 15, 2009) that he forwarded to BOA. Plaintiff has simply failed to provide a proper basis for a breach of contract claim because he has not alleged a contractual obligation that was not performed by Defendants. Accordingly, Plaintiff fails to establish a plausible breach of contract claim against Defendants and his claim must be dismissed.

## 2.    Plaintiff's "wrongful foreclosure" claim fails to articulate a recognizable claim against Defendants.

Plaintiff's wrongful foreclosure must be dismissed because Plaintiff has failed to articulate a recognizable claim against Defendants. The entirety of Plaintiff's claim for "wrongful foreclosure" is as follows:

> As a proximate result of the negligent or reckless conduct of Bank of America Corporation, the plaintiffs' [sic] credit has been impaired and he is now being threatened with the wrongful eviction of his property.
>
> Unless enjoined, the plaintiff will suffer irreparable harm and will not have an adequate remedy at law.
>
> As a proximate result of the negligent actions of both defendants, the plaintiff has suffered consequential damage and will continue to suffer additional damage in the amount to be fully proved at the time of trial"

(Compl. at p. 4). It appears that Plaintiff is claiming negligence as well as seeking injunctive relief. However, his negligence claim is fatally flawed for failure to allege the proper elements of a negligence claim which are: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn. 2008). Plaintiff has failed to allege that Defendants owe Plaintiff a duty or how such duty was breached. Merely stating that Bank of America Corporation was "negligent or reckless," does not satisfy the pleading standards of *Iqbal* and *Twombly*. Plaintiff's claim for negligence/wrongful disclosure is based solely on naked legal assertions, labels and conclusions, and should therefore, be dismissed.

Furthermore, Plaintiff seeks injunctive relief but fails to present the Court with the necessary facts to entitle him to the relief he seeks. As this Court well knows, in considering a motion for injunctive relief, the district court considers and balances four factors in making its decision: "(1) whether the plaintiff has established a substantial likelihood or probability of

success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff;(3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *City of Littleton v. Z. J. Gifts D-4, L.L.C.*, 541 U.S. 774, 784, 124 S. Ct. 2219, 159 L. Ed. 2d 84 (2004)). Plaintiff has not alleged sufficient facts to establish a substantial likelihood of success on the merits, and therefore, he is not entitled to injunctive relief.

3.    **Plaintiff's slander of title claim fails to allege a prima facie case and does not contain the requisite factual support to create a plausible claim.**

Plaintiff's slander of title claim is similarly deficient. To allege a prima facie claim for slander of title (or libel of title) under Tennessee law, a plaintiff must claim "(1) that [he] has an interest in the property; (2) that the defendant published false statements about the property; (3) that the defendant was acting maliciously; and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999) (quoting *Harmon v. Shell*, No. 01-A-01-9211-CH-00451, 1994 Tenn. App. LEXIS 229, 1994 WL 148663, at *4 (Tenn. Ct. App. Apr. 27, 1994)). Plaintiff claims that Defendants "have caused to be recorded various documents including a Notice of Substitute Trustee's Sale which has impaired the plaintiff's title," however, he has failed to allege that such recordings were false or that Defendants acted maliciously. Without alleging the proper elements or providing sufficient facts to support such a claim, Plaintiff's slander of title claim fails as a matter of law and must be dismissed.

4.    **Plaintiff's Tennessee Consumer Protection Act("TCPA") claim fails as a matter of law because it is insufficiently pled.**

Plaintiff has failed to state a claim upon which relief can be granted for violations of the Tennessee Consumer Protection Act ("TCPA"), TENN. CODE ANN. § 47-18-101 et seq., because Plaintiff does little more than make conclusory legal statements. Plaintiff merely states that

"[t]he defendants have engaged in a pattern of unfair practices in violation of the Tennessee Consumer Protection Act entitling the petitioner to damages and reasonable attorney fees and costs pursuant to state statutes." (Compl. at p. 5.) There are no facts alleged to describe the alleged unfair or deceptive practices. There are no allegations setting forth any particular fraudulent or deceptive act on the part of any agent or employee of the Defendants.

The purpose of the TCPA is "[t]o protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." TENN. CODE ANN. § 47-18-102(2); *see also ATS Southeast, Inc. v. Carrier Corp.*, 18 S.W.3d 626 (Tenn. 2000). The TCPA enumerates forty-five (45) specific unfair or deceptive acts or practices that constitute violations of the Act. Plaintiff fails to properly plead a violation of any of these 45 provisions. In addition to failing to specify which provision he claims Defendants violated, none of the facts as alleged in the Complaint appear to "fit" within any of the 45 specific violations. Defendants should not be in the position of having to guess precisely how Plaintiff claims the TCPA has been violated. Even assuming "notice" pleading requirements were to govern the sufficiency of this Complaint, Defendant has not been properly placed on notice of Plaintiff's claims, and therefore cannot reasonably defend against them.

As an initial matter, because Plaintiff has elected to assert a cause of action under the TCPA, he must also meet the pleading requirements set forth at Rule 9(b) of the Federal Rules of Civil Procedure, which apply to claims brought under the TCPA. *Western Express, Inc. v. Brentwood Servs.*, No. M2008-02227-COA-R3-CV, 2009 Tenn. App. LEXIS 707, at *29 (Tenn. Ct. App. Oct. 26, 2009); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999). Plaintiff's vague assertions do not meet this standard, nor do they meet the less stringent standards under Rule 8(a). FED. R. CIV. P. 8(a). Merely stating that Defendants have violated the

TCPA or making conclusory statements that Plaintiff is entitled to relief or was harmed is not enough. *See Western Express, Inc.*, 2009 Tenn. App. LEXIS 707 at *29-30 (citing *Polite v. Metropolitan Development and Housing Agency*, No. M2007-02472-COA-R3-CV, 2008 Tenn. App. LEXIS 501, 2008 WL 3982915, at *3 (Tenn. Ct. App. Aug. 26, 2008) ("Alleging mere conclusions, such as the board exceeded its authority, failed to follow the applicable statutes, or violated the plaintiff's legal rights, is not sufficient to state a claim for which relief can be granted.")).

The circumstances constituting fraud must be stated with particularity pursuant to Rule 9(b). FED. R. CIV. P. 9(b). Plaintiff has failed to allege any set of facts which, if proven, would entitle him to relief against any of the Defendants pursuant to the terms of the TCPA. *See Humphries v. West End Terrace, Inc.,* 795 S.W.2d 128, 132 (Tenn. Ct. App. 1990) (dismissing TCPA claim based on failure to allege specific facts related to the alleged fraudulent or deceptive act). Plaintiff's claim is also fatally flawed because it does not specify which provision of the TCPA was violated. Accordingly, his claim fails to satisfy the *Iqbal/Twombly* standard and must be dismissed pursuant to Rule 12(b)(6) and Rule 9(b).

**5.    Plaintiff's claim under the Fair Credit Reporting Act ("FCRA") must be dismissed because the Complaint fails to properly allege that Defendants breached their statutory duties.**

Despite Plaintiff's failure to cite the statute upon which his slander of credit claim is based, it appears that he is attempting to invoke his rights under the Fair Credit Reporting Act, ("FCRA," 15 U.S.C. § 1681 *et seq.*). Nonetheless, Plaintiff's claim must be dismissed as a matter of law because Plaintiff has failed to properly allege that Plaintiff violated any duty imposed under the FCRA.

Plaintiff alleges, via hollow legal conclusions, that the "actions or inactions of the defendants have impaired plaintiff's credit causing him to lose the ability to have good credit

entitling him to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial." (Compl. at p. 5.) Plaintiff has failed to allege any facts to support an allegation of "willful noncompliance" pursuant to 15 U.S.C. § 1681n or "negligent noncompliance" pursuant to 15 U.S.C. § 1681o, and in any event, Plaintiff is not entitled to damages under those statutes.

The FCRA is intended "to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which utilize correct, relevant, and up-to-date information in a confidential and responsible manner." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843-44 (6th Cir. 2004) (quoting *Jones v. Federal Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998) (internal quotations omitted)). "Consumer reporting agencies and users of consumer reports are subject to civil liability for willful or negligent violations of the FCRA." *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999) (citing 15 U.S.C. §§ 1681n, 1681o)). However, Plaintiff fails to assert a cognizable claim against Defendants under the FCRA because he does not claim that Defendants were either "users" of his consumer report or "consumer reporting agencies" that subject Defendants to civil liability.

Moreover, Plaintiff fails to state a cause of action under the FCRA because the statute does not create a private right of action against furnishers of credit information under 15 U.S.C. § 1681s-2(a). *See Holt v. Macy's Retail Holdings, Inc.*, No. 1:08-cv-01285, 2010 U.S. Dist. LEXIS 4874, at *13 (W.D. Tenn. Jan. 21, 2010). In *Holt*, the court dismissed a similar claim for failure to set forth a claim upon which relief could be granted as a matter of law where the plaintiffs' "sole contention with regard to the FCRA is that the Defendants reported inaccurate information to the credit reporting agencies, which had a negative effect on their credit." 2010 U.S. Dist. LEXIS, at *10. Without more, the *Holt* could held, the Complaint failed to establish a cognizable claim or duty under the FCRA. Even if the defendants had harmed the plaintiffs'

credit by reporting (or furnishing) information to credit reporting agencies, as the *Holt* court stated, section 1681s-2(b) only prohibits a furnisher from failing to perform a reasonable investigation of a dispute. *See* 15 U.S.C. § 1681s-2(b).

Here, the Plaintiff's claim fails for similar reasons. The Complaint does not allege that Defendants either received a dispute or failed to adequately investigate the dispute, and Plaintiff fails to allege a cause of action under Section 1681s-2(b). Therefore, Plaintiff has no claim under the FCRA and the Court should dismiss as a matter of law any allegations made thereunder.

6. **Plaintiff's infliction of emotional distress claim is wholly without merit or basis and must be dismissed as a matter of law.**

The entirety of Plaintiff's claim for "infliction of emotional distress" is based upon one allegation that "[t]he defendant has intentionally or negligently taken actions which have caused the plaintiff and his family severe emotional distress throughout the year 2009 for which he continually suffers." (Compl. at p. 5.) This claim by Plaintiff is grossly under-pled. Plaintiff pleads no other allegations and sets forth no facts whatsoever in support of this claim. For instance, Plaintiff does not indicate which defendant is allegedly responsible for inflicting emotional distress, nor does he describe the actions that would constitute intentional or negligent infliction of injury. While Plaintiff alleges the actions taken "have caused the plaintiff and his family severe emotional distress," he alleges no facts to support a claim of serious mental injury. This omission is fatal to a claim for negligent or intentional infliction of emotional distress. *See Calandriello v. Tenn. Processing Ctr., LLC*, 2009 U.S. Dist. LEXIS 116613, 31-33 (M.D. Tenn. Dec. 15, 2009) (citing *Swallows v. Western Elec. Co.*, 543 S.W.2d 581, 583 (Tenn. Ct. App. 1976)); *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004); *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008) (requiring expert medical proof establishing a "serious or severe emotional injury" stemming from defendants' conduct to establish a prima facie claim for negligent infliction of emotional distress).

In addition to defying minimum pleading standards, Plaintiff cannot present a jury question on his emotional distress claim as currently plead. In Tennessee, "[o]utrageous conduct and intentional infliction of emotional distress are different names for the same cause of action" and hence "the two names are used interchangeably." *Nairon v. Holland*, 2007 Tenn. App. LEXIS 118, 2007 WL 626953 at \*4, n. 1 (Tenn. Ct. App. 2007). The tort of outrageous conduct in Tennessee exists only where (1) the conduct of the defendant has been so outrageous in character, and so extreme in degree, as to be beyond the pale of decency, and to be regarded as atrocious and utterly intolerable in a civilized society, and (2) the conduct results in serious mental injury. *Swallows v. Western Elec. Co.*, 543 S.W.2d 581, 582-83 (Tenn. Ct. App. 1976). "Generally, the case involves facts which would arouse the resentment of an average member of the community and lead him to exclaim, "Outrageous!" *Sawyer v. Memphis Educ. Ass'n*, 2006 Tenn. App. LEXIS 729, 2006 WL 3298326 at \*6 (Tenn. Ct. App. 2006) (quoting *Chandler v. Prudential Ins. Co.*, 715 S.W.2d 615, 622 (Tenn. Ct. App. 1986)).

Cases finding outrageous conduct involve conduct which is much more egregious than the conduct vaguely alleged here. *See Johnson v. Woman's Hospital*, 527 S.W.2d 133 (Tenn. Ct. App. 1975) (mother being shown her deceased baby preserved in formaldehyde in a jar); *Dunbar v. Strimas*, 632 S.W.2d 558 (Tenn. Ct. App. 1981) (mother being erroneously informed her daughter's death was the result of sexual assault and suffocation). Plaintiff's claim is based on Defendants' alleged pursuit of a wrongful foreclosure action. As stated above, Plaintiff has failed to allege—or set forth any factual support—that Defendants' actions were wrongful. Even if it were assumed, for sake of argument, that the foreclosure was wrongful, Plaintiff has failed to allege any outrageous or intolerable conduct that are "so outrageous that it is not tolerated by civilized society." *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Because Plaintiff has failed

to meet the minimum thresholds required to allege a cause of action for intentional or negligent infliction of emotional distress, his claims must be dismissed as a matter of law.

## CONCLUSION

Each of the six causes of action included in Plaintiff's Complaint are insufficiently pled. They do not contain the proper elements for each claim, nor do they allege sufficient factual detail to support such claims. As alleged, Plaintiff's claims do not allow the Court to draw the reasonable inference that Defendants are liable for any of the misconduct alleged. Defendants respectfully submit that the Complaint should be dismissed in its entirety.

Respectfully submitted,

*s/ Donna L. Roberts*
Donna L. Roberts
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2200 (phone)
(615) 742-0714 (fax)
*donna.roberts@stites.com*
*Counsel for Defendants BAC Home Loans Servicing, LP; Bank of America, N.A.; BONY: and Countrywide Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2010, a copy of the foregoing *Memorandum of Law in Support of Defendants' Motion to Dismiss*, was mailed by first-class U.S. Mail to:

Aaron Linus Ashley
135 Magnolia Drive
Greeneville, TN 37743

*s/ Donna L. Roberts*
Donna L. Roberts